**In re Susan M. TEEL.**

**No. 2004–SC–0436–CF.**

Supreme Court of Kentucky.

Nov. 18, 2004.

### ORDER DENYING MOTION FOR RECONSIDERATION, AS CORRECTED

The motion for reconsideration of the Board of Bar Examiners' determination is DENIED.

COOPER, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion and is joined by LAMBERT, C.J.

ENTERED: November 18, 2004.

/s/ Joseph E. Lambert

CHIEF JUSTICE

GRAVES, Justice, dissenting.

Because this matter demonstrates that each state, not the Federal Government or the American Bar Association (ABA), should exercise control over the requirements for admission to the state bar, I reiterate the reasons given in my dissent, *In Re: Troy L. Brooks,* Ky., 11 S.W.3d 25 (2000).

Applicant, Susan M. Teel, is an attorney licensed to practice law in the State of California, is in good standing with the California Bar Association, and is an "AV" (highest rating) lawyer under the Martindale–Hubbell national attorney rating system. After passing the rigorous California Bar Examination (arguably the most difficult Bar Examination in the country), she was admitted to practice in California on December 1, 1981, more than twenty-two (22) years ago. She obtained an LL.M.

degree in Taxation from Golden Gate University, an ABA-accredited law school in 1989. The Board of Bar Examiners found her unqualified to sit for the Kentucky Bar Examination merely because she obtained her J.D. degree from San Francisco Law School, a non ABA-accredited law school.

Notwithstanding her graduation from a non ABA-accredited law school, she has been qualified as an instructor with the California Continuing Education of the Bar since 1999, and has been an Adjunct Faculty Member of the Masters in Taxation Program at Golden Gate University. She is certified as a specialist in Estate Planning Trust and Probate by the State Bar of California, which requires an additional rigorous course of study for qualification, as well as to remain certified, and passage of an all-day examination administered by the State Bar of California for Specialists, after the applicant has submitted evidence of course work, client experience and recommendations of other specialists. She has passed every test she has encountered and demonstrated her mastery of the realities of lawyering.

The Board of Bar Examiners cavalierly, perhaps enviously, and summarily dismisses these impressive credentials. While recognizing that Applicant was a successful attorney in California and appears very competent, the Board feels this is in spite of the quality of her legal education and not because of it. Such a preordained and directed review is exclusively selective and does not fairly evaluate her entire legal career.

Can a student at a given law school—albeit a small institution with fewer financial resources, and less grandiose physical facilities than most ABA-accredited law schools require, obtain a basic legal education which will afford them the fundamental tools with which to become sufficiently competent to take the Kentucky Bar Examination—or any other state Bar Examination? We will never know because of artificial impediments erected by the ABA. Primary focus should be whether the bar applicant possesses the requisite knowledge base and practice skills from the non ABA-accredited law school so as to pass the bar examination. Law schools are made of teachers and students, not of bricks and mortar.

The word "educate" is derived from the Latin term *educare* which means to lead out. All education is ultimately self-education, and good teachers merely point one in the right direction.

If the purpose of requiring aspiring lawyers to pass a bar exam is to protect the public from incompetence, it is a laudable goal and should be pursued with great vigor. The first step in doing so should be to identify the core competencies that lawyers should have and the minimum level of knowledge required to be judged competent in those subjects. The next step should be to test the applicant as objectively as possible. This testing phase should be the mission of the bar exam. When graded by standards meant to protect the applicant and the public, the bar exam should be a powerful tool for delivering competent legal practitioners to the public. If the bar exam is properly designed, administered, and graded, it should not make any difference how applicants acquired their knowledge. Other than institutional self-preservation, there is no logical reason to require applicants to have attended ABA-accredited law schools.

Typically, law schools require students to take a few courses: Civil Procedure, Evidence, Constitutional Law, Contracts, Criminal Law, Research and Writing, Property, Torts, and Professional Responsibility. But other subjects most important in the practice of law today are seldom required, negotiation, mediation,

factual investigation, and witness interviewing to name just a few. The public has a right to expect that their lawyers be at least acquainted with the legal marketplace, and bar exams should test candidates on them.

When it comes to whether or not a law school's graduates are eligible to take bar examinations upon graduation or shortly afterwards, in approximately 40 states the quality of the school does not count, the ability of its graduates does not count, and whether the school has gone further than most in remedying long-recognized shortcomings in legal education does not count. In about 40 states, all that counts is whether the school is accredited by the ABA. This is fundamentally unfair and unjust.

The injustice is only the greater because the graduate of a poor quality school approved by the ABA can take the bar examination everywhere upon graduation, but the intelligent and well-educated graduates of a high quality school not accredited by the ABA can take the bar examination only in a few places upon graduation. Having the LL.M. in tax law is sufficient to meet the legal education requirements prescribed in SCR 2.014.

Even though Kentucky has many lawyers, we still need good competent ones. Applicant has ably demonstrated her ability in the highly competitive marketplace. I would not hesitate to seek tax advice from her. Denying her admission is also unfair to Kentuckians needing competent tax advice.

LAMBERT, C.J., joins this dissent.